By the Court

Lumpkin, C. J.,
delivering the opinion.
In the 10th division of the Penal Code, which embraces offenses against the public morality, health, police and decency, section 5th enacts, “That any man or woman who shall live together in a state of adultery or fornication, or of adultery and fornication, or who shall otherwise commit adultery or fornication, or adultery and fornication, shall be severally indicted, and on conviction, said offenders shall be severally fined or imprisoned in the common jail of the county, or both, at the discretion of the Court:” Cobb’s Digest, 815.
If both parties are married, both are guilty of adultery; if both are single, both are guilty of fornication. If one is married and the other single, the one married is guilty of adultery and the one single of fornication.
The defendant was charged severally, in the indictment, with the offense of adultery and fornication. But the specification is that being a married man he committed said offense with one Angela Cato, a single woman, and so the jury found him guilty of adultery. This is the practice long established under the Code, and we believe the Gaming Act has received asimilar construction. The nature of the offense charged could not but be sufficiently understood by the jury, if the accusation be not in the very language of the Code. The other objection is that the indictment does not charge that the woman was a free white woman, or that she was a woman of color, free or slave, and the objection would seem to be well taken under the authority of the decision in 22 Georgia Reports, 101. There the defendant was indicted for playing and betting at cards, and this Court held that it ought to show whether the person with whom the playing and betting were done was a white person or a negro. For it was insisted that that offense, like this, could be committed with a person of either color, and moreover, it is argued that the decision in 22 Georgia Reports overrules the case of John, a slave, vs. The State, 16 Georgia Reports, 200, wherein this Court held, that any one, whether bond or free, who is indicted *58 for homicide, is, in legal intendment,- indicted for killing a free white person, and if the killing is of a slave or free person of color or any one within the exceptional cases, the indictment should so charge it. The two cases referred to seem to contradict each other. We hold that the decision in 16 Georgia was right in principle, and that the decision in 22 Georgia to this extent — the objection in the latter was not good by way of demurrer to the indictment. If the indictment is general, not alleging whether the person with or against whom the offense is committed is white or colored, and the evidence shows it is the latter under such a general indictment, the testimony would be demurrable and the prosecution must fail. The objection, therefore, in the case in 22 Georgia was premature and ought not to have-been sustained at the time it was made. In the case at bar, the indictment was good and supported by the proof. There was, therefore, no ground for the motion in arrest of judgment.
Let the judgment be affirmed.